IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| JULIAN SOLORZANO-GONZALEZ, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 1:22-cv-34 |
| | § | CRIM. ACTION NO. 1:19-999-1 |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

On March 28, 2022, Petitioner Julian Solorzano-Gonzalez filed a motion to vacate, set aside or correct his sentence pursuant to 42 U.S.C. § 2255. Dkt. No. 1.

The Court has an independent obligation to review the record and the pleadings; "if it plainly appears" that the petitioner is not entitled to relief, the Court "must dismiss" the petition without ordering the Government to respond. Rule 4(b) of the Rules Governing Section 2255 Proceedings.

After conducting that review, the Court recommends that the petition be denied. Solorzano-Gonzalez is not entitled to relief.

## I. Background

### A. Factual Background

#### 1. Indictment & Guilty Plea

On October 29, 2019, the grand jury indicted Solorzano-Gonzalez on one count of illegally re-entering the United States after having been previously deported, a violation of 8 U.S.C. § 1326(a) & (b)(1). U.S. v. Solorzano-Gonzalez, Criminal No. 1:19-999-1, Dkt. No. 7 (J. Rodriguez presiding) [hereinafter CR].

On January 7, 2020, Solorzano-Gonzalez pled guilty to the sole count in the indictment, but did not enter into a plea agreement with the Government. CR Dkt. No. 52.

#### 2. Presentence Report

In the final presentence report ("PSR"), Solorzano-Gonzalez was assessed a base offense level of eight. CR Dkt. No. 24, p. 4. He was also assessed a four-level enhancement

1

because he had a prior conviction for illegal re-entry. Id. He was assessed an additional 10-level enhancement because he had a previous felony conviction for indecency with a child, that he committed after he had previously been deported or removed from the United States and before this indictment. Id. He was given a three-level reduction for acceptance of responsibility. Id., p. 5. Thus, Solorzano-Gonzalez was assessed a total offense level of 19. Id.

Regarding his criminal history, Solorzano-Gonzalez had six adult criminal convictions and was assessed six criminal history points. CR Dkt. No. 14, pp. 5-8. He was assessed an additional two criminal history points because he was on federal supervised released at the time he committed the instant offense. Id. Thus, he was assessed eight total criminal history points, resulting in a criminal history category of IV. An offense level of 19 and criminal history category of IV, produced a sentencing guideline imprisonment range of 46 to 57 months.

### 3. Sentencing

No objections were filed to the PSR. CR Dkt. No. 23.

On November 12, 2020, the Court sentenced Solorzano-Gonzalez to 52 months imprisonment, and two years of supervised release. CR Dkt. No. 48.

### 4. Direct Appeal

On November 16, 2020, Solorzano-Gonzalez timely filed a notice of appeal. CR Dkt. No. 46.

Solorzano-Gonzalez's appellate counsel filed an Anders[1] brief, stating that there were no non-frivolous appealable issues. Solorzano-Gonzalez v. U.S., Case. No. 20–40783 (5th Cir. 2020); CR Dkt. No. 58. Appellate counsel also filed a motion to withdraw. Id. Solorzano-Gonzalez did not file a response to the brief or the motion to withdraw.

On July 9, 2021, the Fifth Circuit granted the motion to withdraw, finding that there were "no nonfrivolous issue[s] for appellate review." CR Dkt. No. 58. Accordingly, the Fifth Circuit dismissed the appeal. Id.

---

[1] Anders v. California, 368 U.S. 738 (1967).

Solorzano-Gonzalez did not file a petition for writ of certiorari with the Supreme Court. Solorzano-Gonzalez had 90 days in which to file that petition; that deadline expired on October 7, 2021. SUP. CT. R. 13.1. Thus, Solorzano-Gonzalez's conviction became final on that date. Clay v. U.S., 537 U.S. 522 (2003).

### B. Motion to Vacate, Set Aside or Correct Sentence Pursuant to § 2255

On March 28, 2022, Solorzano-Gonzalez timely filed the instant § 2255 motion, requesting that the District Court vacate, set aside, or correct his sentence. Dkt. No. 1.

Solorzano-Gonzalez makes one overarching claim: that the illegal re-entry statute is unconstitutional because it has a discriminatory impact on people of Mexican heritage.

Because this petition can be resolved solely on the record, the Court has not ordered the Government to respond.

## II. Applicable Law

### A. Section 2255

Solorzano-Gonzalez seeks relief pursuant to 28 U.S.C. § 2255. Dkt. No. 1. As relevant here, that section provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a).

Where a § 2255 petitioner exhausts or waives his direct appeal, courts may presume that he was fairly convicted. U.S. v. Willis, 273 F.3d 592, 595 (5th Cir. 2001). Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, absent a showing of cause and prejudice. Id.

"In a habeas action, federal courts stand willing to review issues of jurisdiction, allegations of substantial constitutional violations, and claims that exceptional

circumstances resulted in a fundamental miscarriage of justice." Lawrence v. McCarthy, 344 F.3d 467, 474 (5th Cir. 2003).

**III. Analysis**

A court may entertain and decide a § 2255 motion without requiring the production of the prisoner at a hearing. 28 U.S.C. § 2255. Further, where the information available in the record and the clarity of the facts demonstrate a clear absence of entitlement to relief, a hearing is not required. U.S. v. Bartholomew, 974 F.2d 39, 41 (5th Cir. 1992) ("A motion brought under § 2255 can be denied without a hearing only if the motion, files, and records of the case conclusively show that the prisoner is entitled to no relief."). The record in this case satisfies this requirement, for which reason the motion can be decided without a hearing.

In analyzing Solorzano-Gonzalez's claims, a basic premise is that allegations by pro se litigants must be given liberal construction to ensure that their claims are not unfairly dismissed because of their unfamiliarity with the law. Haines v. Kerner, 404 U.S. 519, 520 (1972). Even applying that standard, neither the record – nor the law – support Solorzano-Gonzalez's claim.

**A. Waiver**

By pleading guilty, Solorzano-Gonzalez waived his right to challenge the statute.

"A voluntary and unconditional guilty plea waives all non-jurisdictional defects." U.S. v. Scruggs, 714 F.3d 258, 261-62 (5th Cir. 2013). In this context, jurisdiction goes to whether Congress has the authority to regulate the conduct at issue. See U.S. v. Lipscomb, 299 F.3d 303, 316 (5th Cir. 2002) ("a court's adjudicative jurisdiction to convict a defendant of a federal crime cannot exist in the absence of Congress's legislative jurisdiction to criminalize the particular conduct of which the particular defendant is accused.") (emphasis original).

The Constitution gives Congress the authority to "establish a uniform Rule of Naturalization." U.S. Const. art. I, § 8, cl. 4. "That power bestows the ability to create rules regarding both the requirements for citizenship and the potential consequences for failing to meet those requirements." U.S. v. Vasquez, 1 F.4th 355, 359 (5th Cir. 2021).

"The Government of the United States has broad, undoubted power over the subject of immigration and the status of aliens." Arizona v. U.S., 567 U.S. 387, 394 (2012).  As such, there is clear jurisdictional authority to criminalize Solorzano-Gonzalez's conduct.  Because jurisdiction is present, Solorzano-Gonzalez has waived any challenge to the constitutionality of the statute. U.S. v. Sealed Appellant, 526 F.3d 241, 243 (5th Cir. 2008).

### B. Procedural Default

Even if Solorzano-Gonzalez's claim was not waived, it is procedurally defaulted.

Generally, a petitioner may not raise on collateral attack issues that he failed to raise on direct appeal, "without showing both 'cause' for his procedural default, and 'actual prejudice' resulting from the error." U.S. v. Shaid, 937 F.2d 228, 232 (5th Cir. 1991) (en banc).  "A defendant must meet this cause and actual prejudice test even when he alleges a fundamental constitutional error." Id.  Failure to raise issues on direct appeal causes them to be procedurally defaulted for purposes of collateral attack. U.S. v. Lopez, 248 F.3d 427, 433 (5th Cir. 2001).

Solorzano-Gonzalez cannot show cause for failing to raise this issue on direct appeal.  Indeed, he could have raised this issue on direct appeal in response to the Anders brief filed by his appellate counsel.  The Supreme Court has held that a habeas petitioner does not have good cause for failing to raise an issue on direct appeal unless the underlying claim "is so novel that its legal basis is not reasonably available to counsel." Bousley v. U.S., 523 U.S. 614, 622 (1998).  The claim raised by Solorzano-Gonzalez in this proceeding had been raised in other courts while his direct appeal was pending. See U.S. v. Hernandez-Lopez, 2022 WL 313774, at *2 (S.D. Tex. Feb. 2, 2022) (collecting cases).  As such, Solorzano-Gonzalez has not shown that this claim was so novel that it was unavailable to him or his counsel.  Thus, he has procedurally defaulted this claim.

### C. Constitutionality

`     Solorzano-Gonzalez argues that § 1326 violates the Equal Protection Clause because it has a disproportionate impact on people of Mexican heritage.  The Court finds that this argument is not well-taken.

The Court begins by examining the text of the statute. The statute prohibits "any alien who--(1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act." 8 U.S.C. § 1326(a)(1)-(2).

On its face, the statute does not single out Mexicans for disparate treatment. Indeed, all aliens who re-enter the United States without permission after a previous removal are subject to its terms. Solorzano-Gonzalez, however, argues that when the statute was enacted, it was done with the intent to discriminate against Mexicans. Dkt. No. 1, p. 3 (noting that a predecessor statute was nicknamed the "Wetback Bill.").

The Court must determine the proper standard of review for this claim. As previously noted, this statute arises under Congressional authority to determine a uniform rule of naturalization. Arizona, 567 U.S. at 394; U.S. v. Hernandez-Guerrero, 147 F.3d 1075, 1078 (9th Cir. 1998) (noting that § 1326 is "a necessary piece of the immigration-regulation framework; without the threat of criminal prosecution that it provides, Congress's immigration-regulation authority would be fatally undermined—all bark and no bite.").

The Fifth Circuit applies a "deferential rational basis test to federal statutes that classify based on alienage and will uphold the statute if it is rationally related to a legitimate government interest." U.S. v. Santos-Rivera, 183 F.3d 367, 373 (5th Cir. 1999). Indeed, the Supreme Court has stated that there is a "deferential standard of review" toward immigration-related laws, given Congressional authority in this arena. Trump v. Hawaii, — U.S. —, —, 138 S. Ct. 2392, 2419 (2018). "In light of Congress's plenary power to pass legislation concerning the admission or exclusion of aliens, it is clear that no more searching review than that of rational basis is appropriate." Madriz-Alvarado v. Ashcroft,

383 F.3d 321, 332 (5th Cir. 2004). "In the exercise of its broad power over naturalization and immigration, Congress regularly makes rules that would be unacceptable if applied to citizens." Demore v. Kim, 538 U.S. 510, 511 (2003). As such, the Court must review this statute under rational basis review.

This statute easily passes a rational basis review. Congress has a legitimate interest in preventing aliens who have been previously excluded, deported, or removed from the United States from returning. When Congress re-enacted § 1326 in a 1990 immigration bill, it stated that the legislation would "not disturb the basic reasons for which we have always, and will always, exclude aliens:" including "they have previously violated U.S. Immigration laws." 136 Cong. Rec. 36844 (Oct. 27, 1990). Every court that has examined this claim under rational basis review has concluded that the Government has a legitimate interest in criminalizing the re-entry of previously deported aliens. U.S. v. Hernandez-Lopez, 2022 WL 313774, at *7 (S.D. Tex. Feb. 2, 2022); U.S. v. Ponce-Galvan, 2022 WL 484990, at *3 (S.D. Cal. Feb. 16, 2022); U.S. v. Munoz-De La O, 2022 WL 508892, at *16 (E.D. Wash. Feb. 18, 2022) ("§ 1326 is rationally related to the legitimate government interests of border enforcement, criminal deterrence, and public safety"); U.S. v. Muria-Palacios, 2022 WL 956275, at *2 (E.D. Cal. Mar. 30, 2022); U.S. v. Gamez-Reyes, 2022 WL 990717, at *3 (D. Colo. Mar. 31, 2022); U.S. v. Sanchez-Felix, 2021 WL 6125407 (D. Colo. Dec. 28, 2021); U.S. v. Rivera-Sereno, 2021 WL 5630728 (S.D. Ohio Dec. 1, 2021); U.S. v. Amador-Bonilla, 2021 WL 5349103 (W.D. Okla. Nov. 16, 2021); U.S. v. Samuels-Baldayaquez, 2021 WL 5166488 (N.D. Ohio Nov. 5, 2021); U.S. v. Suquilanda, 2021 WL 4895956 S.D.N.Y. Oct. 20, 2021; U.S. v. Orozco-Orozco, 2021 U.S. Dist. LEXIS 178951 (S.D. Cal. Sept. 20, 2021); U.S. v. Novondo-Ceballos, ––– F. Supp. 3d –––,2021 WL 3570229 (D. N.M. Aug. 12, 2021); U.S. v. Machic-Xiap, ––– F. Supp. 3d –––,2021 WL 3362738 (D. Or. Aug. 2, 2021); U.S. v. Wence, 2021 WL 2463567 (D. V.I. June 16, 2021); U.S. v. Gutierrez-Barba, 2021 WL 2138801 (D. Ariz. May 25, 2021); U.S. v. Medina Zepeda, 2021 WL 4998418 (C.D. Cal. Jan. 5, 2021); U.S. v. Palacios-Arias, (E.D. Va. Oct. 13, 2020).

Accordingly, Solorzano-Gonzalez's challenge to the statute fails and his petition should be denied.

## IV. Recommendation

It is recommended that the Petitioner Julian Solorzano-Gonzalez's Motion to Vacate, Set Aside or Correct his Sentence pursuant to 28 U.S.C. § 2255, Dkt. No. 1, be denied as meritless.

### A. Certificate of Appealability

Unless a circuit justice or judge issues a Certificate of Appealability ("COA"), a petitioner may not appeal the denial of a § 2255 motion to the Fifth Circuit. 28 U.S.C. § 2253(a),(c)(1). A petitioner may receive a COA only if he makes a "substantial showing of the denial of a constitutional right." § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). To satisfy this standard, a petitioner must demonstrate that jurists of reason could disagree with the court's resolution of his constitutional claims or that jurists could conclude that the issues presented are adequate to deserve encouragement to proceed further. Id. at 327; Moreno v. Dretke, 450 F.3d 158, 163 (5th Cir. 2006). A district court may sua sponte rule on a COA, because the court that denies relief to a petitioner is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000).

After reviewing Solorzano-Gonzalez's § 2255 motion and the applicable Fifth Circuit precedent, the Court is confident that no outstanding issue would be debatable among jurists of reason. Although Solorzano-Gonzalez's § 2255 motion raises issues that the Court has carefully considered, he fails to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Accordingly, it is recommended that a COA should be denied.

### B. Notice to Parties

The parties have fourteen (14) days from the date of being served with a copy of this Report and Recommendation in which to file written objections, if any, with the United States District Judge. 28 U.S.C. § 636(b)(1). A party filing objections must specifically

8

identify the factual or legal findings to which objections are being made. The District Judge is not required to consider frivolous, conclusive, or general objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

If any party fails to timely object to any factual or legal findings in this Report and Recommendation, the District Judge is not required to conduct a de novo review of the record before adopting these findings. If the District Judge chooses to adopt such findings without conducting a de novo review of the record, the parties may not attack those findings on appeal, except on the grounds of plain error. Alexander v. Verizon Wireless Servs., L.L.C., 875 F.3d 243, 248 (5th Cir. 2017).

DONE at Brownsville, Texas on April 18, 2022.

_____
Ronald G. Morgan
United States Magistrate Judge